Robert KEENE, Theresa Keene, Individually and as Trustees for Kelli Keene, Robert Keene, Jr., Kimberly Keene, and Jody Keene, and Military Heights Partnership, Plaintiffs,

v.

NATIONAL MEDICAL CARE, INC., Ernestine M. Lowrie, John F. Foley and C.L. Hampers, Defendants.

No. LR–C–88–656.

United States District Court,
E.D. Arkansas, W.D.

Nov. 28, 1988.

Stephen Bilheimer, Bell, Bilheimer & Associates, Little Rock, Ark., for plaintiffs.

Webster L. Hubbell, and Amy Stewart, The Rose Law Firm, Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

Pending now is the motion of the separate defendants, Ernestine M. Lowrie, John F. Foley and C.L. Hampers, to dismiss for lack of personal jurisdiction and for failure to state a claim under Fed.R.Civ.P. 12(b)(2) and 12(b)(6), respectively. For the reasons that follow the motion is denied.

The plaintiffs filed this action to recover sums allegedly due and owing as the result of the defendants' execution, guaranty and subsequent default of a lease agreement, pursuant to which the plaintiffs were to lease a North Little Rock, Arkansas property to a Delaware corporation known as Bio–Medical Applications of North Little Rock, Inc. (Bio–Medical). The lease was executed at Waltham, Massachusetts on behalf of Bio–Medical by defendant Ernestine M. Lowrie as Vice–President. And its performance was, in turn, guaranteed by defendant National Medical Care, Inc. (NMC), a Delaware corporation. NMC's guaranty recites that Bio–Medical is a Delaware corporation which is a subsidiary of NMC. The guaranty was executed at Waltham, Massachusetts by defendant C.L. Hampers, President of NMC, and was witnessed by defendant John F. Foley, NMC's Secretary. The lease provides that Arkansas law shall control.

The plaintiffs contend in their complaint, and defendant NMC admits in its answer, that Bio–Medical is not, and never was, a duly organized and existing corporation. Because Bio–Medical was never incorporated, the plaintiffs claim that defendants Lowrie, Foley and Hampers are personally liable for its debts inasmuch as they purported to act on behalf of Bio–Medical. Lowrie, Foley and Hampers, on the other hand, not only deny personal liability but assert that they are not subject to this court's jurisdiction in their individual capacities.

■ A.C.A. § 4–27–204 (Supp.Vol. II, 1987), which is a part of the Arkansas Business Corporation Act of 1987, provides that:

All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this chapter, are jointly and severally liable for all liabilities created while so acting.

The parties have cited no cases construing this new section, and the court is unable to locate any. But, as the court reads § 27–204, to state a claim for relief, the plaintiffs need only allege that defendants Lowrie, Foley and Hampers purported to act on behalf of Bio–Medical. The plaintiffs have so alleged. *See* Complaint, paragraphs 5, 17, 18 and 19. Whether the defendants were indeed acting personally, on behalf of NMC or Bio–Medical is a question of fact which the court cannot decide on a motion to dismiss.

Although defendants Lowrie, Foley and Hampers never traveled to Arkansas to negotiate or execute the lease agreement, the court is of the opinion that they are nevertheless subject to its jurisdiction. A.C.A. § 16–4–101(C)(1)(e) provides that the court may exercise personal jurisdiction over a person who acts, directly or by an agent, as to a claim for relief arising from the persons "[h]aving an interest in using, or possessing real property in this state." And § 16–4–101(C)(1)(f) provides for jurisdiction over persons contracting to insure any risk located within the state at the time of contracting.

■ Lowrie, Foley and Hampers allegedly purported to represent a nonexistent corporation which obtained a leasehold interest in real property located within Arkansas—conduct for which they may be personally liable under A.C.A. § 4–27–204. Furthermore, Hampers was signatory to a guaranty agreement which, on its face, represented that Bio–Medical was an existing corporation and a subsidiary of NMC. The guaranty was to insure the performance of the lease agreement under which Arkansas law was controlling. All of this, taken together, creates a sufficient nexus between the defendants, the forum and the cause of action to support the exercise of personal jurisdiction over the defendants.

Accordingly, the court finds that the defendants' motion to dismiss should be, and is hereby ordered denied.